IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION
_____

| | |
|---|---|
| **MYRA CHARLENE HORAN,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-01102-JDB-jay |
| ) | |
| **CARMA DENNIS MCGEE ET AL.,** ) | |
| ) | |
|    Defendant. ) | |

_____

**REPORT AND RECOMMENDATION**
_____

On May 27, 2021, *pro se* Plaintiff, Myra Charlene Horan ("Plaintiff"), filed this Complaint against Carma Dennis McGee, Donald E. Parish, Robert L. Crowley, Brad Lee Coen, Wayne Fuqua, Sherry Dockins-Pritchett, Marcus Noels, State of Tennessee, City of Camden, Tennessee, County of Benton, Tennessee, and State of Idaho. (Docket Entry "D.E." 1.) On June 7, 2021, a District of Columbia Court transferred this case to the Western District of Tennessee. (D.E. 3.) In an order issued on July 6, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis*. (D.E. 8.)

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff has been granted *in forma pauperis* status. "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss the case at any time if, among other things, the court finds that the action or appeal is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). As a result of his screening of the Complaint, the Magistrate Judge recommends that this case be dismissed.

## I.    RECOMMENDATION

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681,

129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09- 2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The federal district court has original jurisdiction in two circumstances: (1) where diversity jurisdiction exists; and (2) in "all civil actions arising under the Constitution, laws, or treaties of the United States," referred to as federal question jurisdiction. 28 U.S.C. §§ 1331–32. "The statutory language of 28

3

U.S.C. § 1332 that reads "between . . . citizens of different States" requires complete diversity between all plaintiffs and all defendants, absent particular circumstances not present here." *Guest House at Graceland, LLC v. Pyramid Tenn. Mgmt., LLC*, No. 218CV02074JTFCGC, 2019 WL 1422623, at *1 (W.D. Tenn. Feb. 15, 2019) (*quoting Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Additionally, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

28 U.S.C. § 1331 provides that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law, "when it is apparent from the face of the complaint either that the plaintiff's cause of action was created by federal law[,] or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

Plaintiff's "Short and Plain Statement of Claim" reads:

Plaintiff is entitled relief, cure[,] and maintenance wherein Plaintiff, of the People of South Carolina, had a signed and sealed contract with Bred [sic] Lee Coen where the STATE OF TENNESSEE, and Defendants therein utilized an administrative commercial process outside the contracts [sic] stipulated agreement and, utilizing persons coram non judice did impair the obligations of contract and attempted to override the signed contract with an inferior contract that was not signed or agreed upon and was brought forth in fraud and forgery by Defendant Noles. The State of Idaho then attempted to override the signed and sealed contract and enforce the fraud contract through administrative process and unbonded statute.

(D.E. 1.) Additionally, Additionally, Plaintiff's "Introduction" states:

This is a matter brought forth pursuant to Defendant's deprivation of rights and conspiracy to deprive rights under the colour [sic] of authority where Defendants created an abusive administrative process, utilizing persons *Coram non Judice*, outside the contracts [sic] stipulated agreement as a means to impair the obligations of contract and traffic a human child to which the State lacks all authority and Claim:
The primary cause of this action is the direct and willful impairment of the obligations of contract by nefarious means, fraud[,] and by use of State commercial processes outside the contracts [sic] stipulated agreement by persona *Coram non Judice* in excess of Article I section 10 to the constitution for the United States of

4

> America.
> The secondary cause of this action is deprivation of rights while under the colour [sic] of authority and conspiracy to deprive rights 18 U.S.C. §§ 241-42 and 42 U.S.C. §§ 1983, 1985, 1986.

(*Id.*) Plaintiff's "Facts of the Case" further states:

> On October 6th of the year 2016[,] Brad Lee Coen and Myra Charlene Horan entered into binding contract under signature and seal of court officer. [exhibit A] Said binding contract set a "50/50" time agreement in a parenting plan for the minor child Edward Lee Coen. It was so agreed upon and said contract appoints Myra Charlene Horan as primary custodian of Edward Lee Coen based upon a history of abusive behaviors acknowledged by Brad Lee Coen. Page Twelve # 4 of said contract makes unequivocally clear in plain English that said contract "is intended to be a final settlement of all property rights of the respective parties hereto, and is a discharge to all claims arising out of their marital relationship and that each hereby waives and relinquishes to the other all rights or claims that each may have or hereafter under the law of any jurisdiction on the others property…" It was agreed that Brad L. Coen would pay $500.00 a month in child support. Brad Coen has largely failed to pay any child support and, as of this filing, owes child support in the amount of $20,335.00 which is increasing monthly. On 12/10/18 this administrative process held a "trial" regarding the care and handling of Edward Lee Coen in impairment of the binding contractual agreement and in excess of the terms and conditions of the contracts' stipulated agreement. On 12/27/18 Carma Dennis McGee, while impersonating a judge from a State ministerial process, issued an opinion that was in direct opposition of the agreed upon binding contract. With no evidence of unfitness to warrant such changes as stipulated in the binding and sealed contract, and many points made to the contrary, Defendant Carma Dennis McGee, while impersonating a judge Coram Non Judice, issued an "opinion" that has been unlawfully utilized as a court order to impair the obligations of the binding contract. On 8/31/2019 Defendant Wayne Fuqua, an officer of the STATE OF TENNESSEE, entered onto Myra Charlene Horan's private property during the contractually agreed upon parenting time. Defendant Wayne Fuqua produced no warrant or court order and instead used force to enter into Myra Charlene Horan's private domicile and, against the will and wish of Myra Charlene Horan, picked up and carried away the minor child Edward Lee Coen in direct impairment to the binding sealed contract. The record is bereft of any consent by Myra Charlene Horan to the administrative processes of case 3454 beyond the signing of the sealed binding contract. The record is bereft of any addendum or additional contract lawfully signed and sealed by Myra Charlene Horan and Brad Lee Coen that supersedes the authority of the binding October 6, 2016, contract.

(*Id.*)

### A. Diversity Jurisdiction

For this Court to have diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between opposing parties. The burden of establishing diversity rests with the Plaintiff. *Schuckman v. Rubenstein*, 164 F.2d 952, 955 (6th Cir. 1947). "It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings . . . or should appear with equal distinctness in other parts of the record.'" *Presley v. JP/Politikens HUS*, No. 2:13-cv-02191-JTF-cgc, 2014 U.S. Dist. LEXIS 23741, at *10-11 (W.D Tenn. Jan. 6, 2014) (citing *Wolfe v. Hartford Life & Annuity, Ins. Co.*, 148 U.S. 389, 389 (1893). "For individuals, a Court determining its diversity jurisdiction must look to the individual's citizenship, not residence." *Id.* (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001)). *See also Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002). "[A]llegations of citizenship, of both corporate and individual parties, must be apparent from the face of the pleadings or other papers in the record. *Id.* (citing *Jenkins v. Virgin Atlantic Airways, Ltd.*, 46 F. Supp. 2d 271, 272 (S.D.N.Y 1999)).

Plaintiff did not plead diversity of citizenship of the parties that is apparent from the face of the Complaint. While she avers that she is "one of the people of South Carolina," she does not affirmatively state in the pleadings the citizenship of any listed individual defendant. (D.E. 1.) Furthermore, she merely states that the State of Tennessee; the City of Camden, Tennessee; the County of Benton, Tennessee; and the State of Idaho are corporations throughout the Complaint. (*Id.*) Because Plaintiff has not met her burden of pleading the parties' citizenship for purposes of diversity subject matter jurisdiction, the Magistrate Judge **RECOMMENDS** that all claims against the parties that do not properly fall under federal question jurisdiction be dismissed.

6

B.      **Federal Question Jurisdiction**

28 U.S.C. § 1331 provides that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law, "when it is apparent from the face of the complaint either that the plaintiff's cause of action was created by federal law[,] or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

Plaintiff purportedly filed this Complaint citing to federal statutes 42 U.S.C. § 1983; 18 U.S.C. §§ 241-42; and 42 U.S.C. §§ 1985-86. (D.E. 1.) Additionally, Plaintiff lists in the caption of her Complaint that this is a "verified claim and action for trespass for impairment of contract obligations [,] deprivation of protected rights under the colour [sic] of state authority[, and] common law theft." (*Id.*) The Magistrate Judge recommends that Plaintiff's Complaint be construed as bringing claims for breach of contract, fraud, common law theft, deprivation of rights under color of law, human trafficking, and trespassing.

Plaintiff merely cites to federal statutes 18 U.S.C. §§ 241-42, and 42 U.S.C. §§ 1985-86 and does not allege facts that sufficiently implicate federal claims. "[S]uch bare recitations [of federal statutes] are insufficient to invoke the limited jurisdiction of federal court." *Barboro v. 42 U.S.C. 6543 Alone*, No. 18-cv-2837-SHL-tmp, 2019 U.S. Dist. LEXIS 167012, at *20 (W.D. Tenn. July 26, 2019). Plaintiff also cites to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief

"Constitution and laws" of the United States (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To support her 42 U.S.C. § 1983 claim, Plaintiff states in the caption of the Complaint "DEPRIVATION OF PROTECTED RIGHTS UNDER THE COLOUR [sic] OF STATE AUTHORITY." (D.E. 1, PageID 1.) Additionally, Plaintiff alleges in the complaint that

> On 8/31/2019 Defendant Wayne Fuqua, an officer of the STATE OF TENNESSEE, entered onto Myra Charlene Horan's private property during the contractually agreed upon parenting time. Defendant Wayne Fuqua produced no warrant or court order and instead used force to enter into Myra Charlene Horan's private domicile and, against the will and wish of Myra Charlene Horan, picked up and carried away the minor child Edward Lee Coen in direct impairment to the binding sealed contract.

(D.E. 1.) The allegations of this Complaint fail to allege facts connected to any of the defendants to sufficiently meet the pleading standard of a 42 U.S.C. § 1983 claim except for Defendant Fuqua. Regarding Defendant Fuqua, Plaintiff alleges that he deprived her of her rights by forced entry onto her property without a warrant while acting as an officer acting under color of state authority. Due to Plaintiff's *pro se* status, the Magistrate Judge **RECOMMENDS** that Plaintiff be given fourteen (14) days to amend her Complaint to state a 42 U.S.C. § 1983 against only Defendant Wayne Fuqua with respect to paragraphs ten (10) and eleven (11) of her initial Complaint.

It is further recommended that Plaintiff's 42 U.S.C. §§ 1985 claim be dismissed for failure to state a claim.

> [T]o state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United

---

was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

8

>States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). Although Plaintiff alleges facts that may meet her burden for some of the elements of a 42 U.S.C. §§ 1985 claim, the Complaint does not allege that the matters about which Plaintiff complains were motivated by racial, or other class-based, invidiously discriminatory animus.

Additionally, because Plaintiff has no viable claim under 42 U.S.C. § 1985, it is recommended that she also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id.* at 315; *Bass*, 167 F.3d at 1051 n.5. Thus, the Magistrate Judge **RECOMMENDS** that Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims be dismissed for failure to state a claim.

Furthermore, in her Complaint, Plaintiff cites to 18 U.S.C. §§ 241-42 and states that "[t]he secondary cause of this action is deprivation of rights while under the colour [sic] of authority and conspiracy to deprive rights." (D.E. 1, PageID 5.) This is a civil action. Absent a private right of action, a plaintiff cannot recover civilly for a violation of a criminal statute. *Collins v. Mort. Elec. Registration Sys.*, No. 3:11-cv- 00264, 2012 U.S. LEXIS 23662, at *7 (dismissing plaintiff's claims for criminal forgery and criminal grading of theft offenses in civil action); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (stating that 18 USCS §§ 241 and 242 provide no basis for civil suit under the Federal Civil Rights Act); *Saro v. Brown*, 11 Fed. Appx. 387, 388 (6th

Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent causes of action."). Additionally, "an individual cannot file criminal charges." *Hayes v. Shelby County Tr.*, 971 F. Supp. 2d 717, 735 (W.D. Tenn. 2013). Therefore, it is **RECOMMENDED** that Plaintiff's claims for violations of these criminal statutes be dismissed for failure to state a claim.

Although it is apparent from the Complaint that Plaintiff is alleging a claim of human trafficking, Plaintiff does not cite to any law or statute to support her claim. On this basis, the Magistrate Judge **RECOMMENDS** that any claim of human trafficking be dismissed. Additionally, to the extent Plaintiff is asserting a cause of action arising under the federal criminal kidnapping statute (18 U.S.C. § 1201), there is no private right of action. Again, this is a civil action, and absent a private right of action, a plaintiff cannot recover in a civil action for a violation of a criminal statute. An individual cannot file criminal charges. Thus, to the extent that Plaintiff is asserting a cause of action under this statute, such claim should be dismissed because the federal kidnapping criminal statute cannot support a basis for subject matter jurisdiction in this civil action.

C.  **State Law Claims**

Finally, the claims of breach of contract, fraud, common law theft, and trespass fall under solely state law. *See GTP Structures I, LLC v. Wisper II, LLC*, 153 F Supp. 3d 983, 987 (W.D. Tenn. 2015) ("When a party claims a breach of contract, state law applies."); *Barboro v. 42 U.S.C. 6543 Alone*, No. 18-cv-2837-SHL-tmp, 2019 U.S. Dist. LEXIS 167012, at *20 (W.D. Tenn. July 26, 2019) (dismissing state-law fraud claims for lack of federal question jurisdiction); *Hall v. Shelby Cty.*, No. 2:20-cv-2710-JTF-atc, 2021 U.S. LEXIS 72095, at *10 (W.D. Tenn. Apr. 14, 2021) (dismissing a state-law claim for theft); *Mathias v. Edwards*, No. 1:17-cv-01081-JDB-cgc, 2018 U.S. LEXIS 165947, at *10-11 (W.D. Tenn. Sept. 27, 2018) (dismissing a state-law claim of

10

trespass). Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion on whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Because it is recommended that all of the Complaint's federal claims be dismissed, the Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the Magistrate Judge **RECOMMENDS** all remaining state law claims be dismissed.

### D.     Defendant McGee

Lastly, the Plaintiff states in her Complaint that Defendant Carma Dennis McGee impersonated a judge "from a State ministerial process" and "issued an 'opinion' that has been unlawfully utilized as a court order to impair the obligations of the binding contract." (D.E. 1, PageID 7.) To suggest that Defendant McGee, Chancellor for the 24th Judicial District at the time of Plaintiff's allegations, participated in a conspiracy to create an unlawful order through an improper administrative hearing to impair the obligations of Plaintiff's contract is factually frivolous. Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the

11

Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). Here, Plaintiff's allegations that Defendant McGee impersonated a judge in furtherance of fraud or to deprive Plaintiff of rights under a contract is baseless and totally implausible. Consequently, Plaintiff's Complaint warrants dismissal of any claims against Defendant McGee under both § 1915(e)(2)(B) and Rule 12(b)(1).

## II.   CONCLUSION

For all these reasons, the Magistrate Judge **RECOMMENDS**, pending the District Court's review of any objections or responses from Plaintiff that this Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) against all defendants except Defendant Fuqua. Additionally, the Magistrate Judge **RECOMMENDS** that Plaintiff be given twenty-eight (28) days to amend her Complaint to state only a 42 U.S.C. § 1983 claim against Defendant Wayne Fuqua with respect to paragraphs ten (10) and eleven (11) of her initial Complaint.

Respectfully submitted this 13th day of June, 2022.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**